## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

IN RE:                                         CHAPTER 11

**ILD CORP.**                                  **CASE NO.:  6:17-bk-03506-PMG**
_____

**ILD HOLDINGS, INC.**                         **CASE NO.:  6:17-bk-03507-PMG**
_____

**ILD TELESERVICES, INC.**                     **CASE NO.: 6:17-bk-03508-PMG**
_____

**INTELLICALL OPERATOR**                       **CASE NO.: 6:17-bk-03510-PMG**
**SERVICES, INC.**
_____

                                               **EMERGENCY RELIEF REQUESTED**

        Debtors.
_____/

## DEBTORS' EMERGENCY MOTION
## FOR AUTHORITY TO USE CASH COLLATERAL AND
## REQUEST FOR EMERGENCY PRELIMINARY HEARING

ILD Corp., and its affiliated debtors-in-possession (collectively, the "Debtors"), by and

through their undersigned proposed counsel, and pursuant to Sections 363(c)(2) and 363(e) of the

Bankruptcy Code,[1] and Rules 4001(b)(2) and 4001(c) of the Federal Rules of Bankruptcy

Procedure, hereby jointly move for authority to use cash collateral and to provide adequate

protection to Bank of America, N.A. ("BOA"), and request an emergency preliminary hearing on

the relief sought.  In support of the motion, the Debtors state as follows:

## JURISDICTION

1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

_____

1 All references herein to the "Bankruptcy Code" refer to 11 U.S.C. §§ 101 *et seq.*

Consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.    Venue is properly in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## **BACKGROUND**

3.    On September 29, 2017 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  No trustee has been appointed and no creditors' committee has been formed.  The Debtors continue to operate their businesses as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

4.    Prior to the Petition Date, the Debtors owned and operated three separate lines of business: a conferencing services business, a customer support services business, and a payment processing business.  Following BOA's decision to not renew a forbearance agreement, the Debtors started taking steps to liquidate portions of BOA's collateral as part of an overall restructuring plan. On June 30, 2017, the Debtors finalized a sale of their conferencing services business for approximately $3,700,000 and paid the proceeds from the sale to BOA.  The Debtors also explored potential sale alternatives related to the customer support services business, but were unable to generate significant interest in that business line due the size of the transaction and the loss of several key customers of the business.  As of the Petition Date, only the Debtors' payment processing business is still operating, and the Debtors are in the process of winding down the customer support services business.

5.    For a detailed description of the Debtors, their operations, and their assets and liabilities, the Debtors refer the Court and parties-in-interest to the Chapter 11 Case Management Summary (Doc. No. 6).

6.    As of the Petition Date, the Debtors owed BOA approximately $5,625,000.00 in outstanding principal and interest.  BOA's claim against the Debtors is secured by a first priority,

perfected lien on substantially all of the Debtors assets, including cash, inventory, and accounts receivable.

7.      The cash collateral the Debtors seek to use is comprised of cash on hand and funds to be received from the collection of accounts receivable, both of which are encumbered by BOA"s lien (the "Cash Collateral").

8.      The Debtors and BOA have a general agreement regarding the Debtors' use of cash collateral, but the parties have not yet finalized the specific terms of the agreement to be included in the order approving this motion.

9.      As set forth more fully in the Case Management Summary, the Debtors do not believe that any other entity has a lien on the Debtors' Cash Collateral, but do anticipate that one of the Debtors' customers Global Tel Link ("GTL") may assert an interest in the Cash Collateral The Debtors dispute that GTL has any interest in the Cash Collateral, but will agree to provide GTL with a replacement lien to the same validity, extent, and priority as existed prior to the Petition Date as adequate protection to GTL.

## RELIEF REQUESTED AND BASIS FOR RELIEF REQUESTED

10.     The Debtors will require the use of approximately $97,526 of Cash Collateral to continue to operate their businesses for the next four weeks, and depending on the month, a greater of lesser amount will be required each comparable period thereafter.  The Debtors will use the Cash Collateral to make payroll and pay other expenses arising in the ordinary course of business.

11.     A consolidated budget showing estimated income and expenses for the Debtors' businesses over the next four weeks is attached hereto as **Exhibit A** and is incorporated herein by reference.

12.     As adequate protection for the use of Cash Collateral, the Debtors propose to grant

BOA a replacement lien to the same validity, extent, and priority as its pre-petition lien. The Debtors believe the replacement lien provides adequate protection to BOA as the Debtors will be able to operate on a cash flow positive basis over the four week period. The Debtors may also agree to additional routine adequate protection as it finalizes its agreement with BOA.

13.     As mentioned above, the Debtors also propose to grant GTL a replacement lien to the same validity, extent, and priority as any lien it may have held prior to the Petition Date. Like BOA, GTL will be adequately protected as the Debtors will be able to operate on a cash flow positive basis over the course of the next four (4) weeks.

14.     A copy of the proposed order authorizing the use of Cash Collateral on an interim basis is attached hereto as **Exhibit B.**

**CERTIFICATE OF NECESSITY OF**
**REQUEST FOR EXPEDITED HEARING**

15.     Currently, the Debtors continue to operate and require the use of Cash Collateral.

16.     If the Debtors are not permitted to use Cash Collateral, they will be forced to stop operations, which would result in loss of the going-concern value of the business and a reduction in the value of the estates' assets to the detriment of the Debtors' creditors.

17.     The Debtors estimate that approximately fifteen minutes will be necessary for a hearing on this Motion and that at approximately thirty minutes may be required for a final hearing.

18.     A copy of this Motion was served on the United States Trustee, BOA, the Debtors' largest 20 unsecured creditors on a consolidated basis, parties requesting notice, and counsel to each of those parties, if known, including counsel for both BOA and GTL. Notice of a hearing on this matter will be provided to the same parties.

WHEREFORE, the Debtors respectfully request that this Court: (i) set a preliminary hearing to consider this Motion; (ii) grant the Debtors permission to use Cash Collateral in

4

accordance with the initial four-week budget attached hereto subject to a variance of 10% of each

line item; and (iii) grant all other relief that is appropriate under the circumstances.

Respectfully submitted this 29th day of September, 2017.

/s/ Jimmy D. Parrish
JIMMY D. PARRISH, ESQ.
Florida Bar No. 526401
jparrish@bakerlaw.com
ANDREW V. LAYDEN, ESQ.
Florida Bar No. 86070
alayden@bakerlaw.com
**BAKER & HOSTETLER LLP**
200 South Orange Avenue
SunTrust Center, Suite 2300
Orlando, Florida  32801
Telephone (407) 649-4000
Facsimile (407) 841-0168
*Proposed Attorneys for Debtors*

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:                                        CHAPTER 11

ILD CORP.                                     CASE NO.:  6:17-bk-03506-PMG

ILD HOLDINGS, INC.                            CASE NO.:  6:17-bk-03507-PMG

ILD TELESERVICES, INC.                        CASE NO.: 6:17-bk-03508-PMG

INTELLICALL OPERATOR                          CASE NO.: 6:17-bk-03510-PMG
SERVICES, INC.

                    Debtors.
                                        /

## CERTIFICATE OF SERVICE

   **I HEREBY CERTIFY** that on September 29' 2017, I electronically filed the foregoing *Debtors' Emergency Motion for Authority to Use Cash Collateral and Request for Emergency Hearing* with the Clerk of the Court by using the CM/ECF system which will provide a Notice of Electronic Filing and copy to all parties requesting such notice and/or via U.S. First Class Postage Prepaid Mail or email to the following:

Bank of America, N.A.                    Office of the United States Trustee
Stephen E. Gruendell, Esq.               George C Young Federal Building
Moore & VanAllen                         400 West Washington Street, Suite 1100
100 North Tryon Street, Suite 4700       Orlando, FL 32801
Charlotte, NC
stevegruendel@mvalaw.com

Global Tel Link
John Hutton, Esq.
Greenberg Traurig, P.A
333 S.E. 2nd Avenue
Miami, FL 33131
HuttonJ@gtlaw.com .

Debtor's 20 largest unsecured creditors as indicated on the mailing matrix attached to the original of this Motion and filed with the Court


Jimmy D. Parrish
JIMMY D. PARRISH, ESQ.

**EXHIBIT A**

ILD CORP.
SHORT-TERM CASH FLOW - PLANNING
COMBINED - COLLAPSED
WEEKLY CASH FLOW PROJECTIONS THROUGH 11/10/17

SUMMARY

| | 1 | 2 | 3 | 4 | 5 | 6 | Total |
|---|---|---|---|---|---|---|---|
| Week Ending | 10/6 | 10/13 | 10/20 | 10/27 | 11/3 | 11/10 | Total |
| | | | | | | | |
| Beginning Cash Balance | | | | | | | 0 |
| | | | | | | | |
| **INFLOW:** | | | | | | | |
| 0+ Credit Card | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| 1+ | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Payment Processing | 17,068 | 87,779 | 0 | 0 | 0 | 80,815 | 185,663 |
| Status | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Conference | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Other | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Total Inflow | 17,068 | 87,779 | 0 | 0 | 0 | 80,815 | 185,663 |
| | | | | | | | |
| **OUTFLOW:** | | | | | | | |
| Customer Settlements Weekly | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Customer Advances | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Customer/Agent Commissions | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Network | 0 | 0 | 8,476 | 35 | 0 | 75 | 8,585 |
| Call Center & Validation Costs | 0 | 0 | 0 | 0 | 3,800 | 0 | 3,800 |
| Billing | 0 | 0 | 11,285 | 0 | 0 | 0 | 11,285 |
| USF Expense | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Dial Around | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Other Cost of Sales | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Salaries, Wages and Comm | 0 | 42,240 | 2,324 | 0 | 45,059 | 0 | 89,624 |
| Contracted Labor | 0 | 0 | 0 | 5,000 | 0 | 0 | 5,000 |
| Employee Benefits | 0 | 0 | 1,100 | 0 | 250 | 350 | 1,700 |
| Other Employment Costs | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Travel and Entertainment | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Advertising, Sales & Marketing | 0 | 0 | 163 | 472 | 7,031 | 94 | 7,760 |
| Rents and Leases | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Repairs & Maintenance | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Vehicles | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Other Building & Equipment | 0 | 0 | 0 | 425 | 2,500 | 0 | 2,925 |
| Utilities | 0 | 0 | 0 | 250 | 350 | 0 | 600 |
| Telecommunications | 0 | 0 | 2,186 | 164 | 150 | 50 | 2,550 |
| Computer & Data Processing | 0 | 0 | 700 | 822 | 0 | 0 | 1,522 |
| Licenses and Fees | 0 | 0 | 0 | 400 | 0 | 0 | 400 |
| Insurance | 0 | 0 | 1,450 | 0 | 0 | 1,450 | 2,900 |
| Research & Development | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Credit & Collection | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Bank Charges | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Legal & Professional Fees | 0 | 0 | 0 | 0 | 450 | 0 | 825 |
| Supplies and Expenses | 0 | 0 | 150 | 175 | 0 | 0 | 325 |
| Other Expenses | 0 | 0 | 0 | 710 | 0 | 0 | 710 |
| Regulatory, Sales, and Use Taxes | 0 | 0 | 0 | 4,000 | 1,700 | 5,000 | 10,700 |
| Restructure Cost | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Payments to Bank | 0 | 15,000 | 0 | 0 | 0 | 0 | 15,000 |
| Capex | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| PGI Working Capital Settlement | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Income Taxes | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| | | | | | | | |
| Total Outflow | 0 | 57,240 | 27,833 | 12,453 | 61,391 | 6,969 | 165,886 |
| | | | | | | | |
| Net Change | 17,068 | 30,539 | (27,833) | (12,453) | (61,391) | 73,846 | 19,776 |
| | | | | | | | |
| Cash Balance | 948,846 | 979,385 | 951,551 | 939,098 | 877,708 | 951,554 | 951,554 |

Notes

1. Projections do not include costs estimated at $60K - $80k to prepare F17 tax provision and federal/state tax returns.
2. Projections do not include accrued vacation for remaining employees at 6/30/17 of approximately $45k.
3. Projections do not include approximately $204k due from Century/UbiQVowest for LEC business and $381k from Verizon from holdbacks as of 7/31/17.
4. Cash balance includes $303k in held with BOA in non-operating account. These funds are property of the Debtor, but not available for operations under agreement with BOA.
5. Projections include sales/use/regulatory and property taxes related to pre-filing periods.

**EXHIBIT B**

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

IN RE:                                              CHAPTER 11

ILD CORP.                                           CASE NO.:  6:17-bk-03506-PMG

ILD HOLDINGS, INC.                                  CASE NO.:  6:17-bk-03507-PMG

ILD TELESERVICES, INC.                              CASE NO.: 6:17-bk-03508-PMG

INTELLICALL OPERATOR                                CASE NO.: 6:17-bk-03510-PMG
SERVICES, INC.

          Debtors.
_____/

## ORDER GRANTING DEBTORS' EMERGENCY MOTION
## FOR AUTHORITY TO USE CASH COLLATERAL

These cases came on for an emergency preliminary hearing on _____, 2017 to consider

the Debtors' Emergency Motion for Authority to Use Cash Collateral (Doc. No. ___) (the

"Motion") filed by ILD Holdings Inc. and its affiliated debtors-in-possession (collectively, the

"Debtors") on September 29, 2017.  The Motion seeks authority to use cash collateral on an interim

basis and to provide adequate protection to Bank of America, N.A. ("BOA").  Upon consideration

of the Motion and the argument of counsel at the hearing, it is

ORDERED:

1.      The Motion is granted on a preliminary basis pending further review, as provided

herein.

2.      Subject to the provisions of this Order, the Debtors are authorized to use cash

collateral to pay: (a) amounts expressly authorized by this Court, including payments to the United

States Trustee for quarterly fees; (b) the current and necessary expenses set forth in the budget

attached hereto as **Exhibit A,** plus an amount not to exceed ten percent (10%) for each line item,

and (c) such additional amounts as may be expressly approving in writing by BOA.   This

authorization shall continue until _____, 2017, or until further order of the Court.

3.      The Debtor shall timely perform all obligations of a debtor-in-possession required

by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the orders of this Court.

4.      BOA shall have a perfected post-petition lien against cash collateral to the same

extent and with the same validity and priority as its respective prepetition liens, without the need

to file or execute any document as may otherwise be required under applicable non-bankruptcy

law.

5.      Global Tel Link ("GTL") shall have a post-petition lien against cash collateral to

the same extent and with the same validity and priority as it may have held prior to the Petition

Date.

6.      The provisions of this Order are without prejudice to the rights of the United States

Trustee to appoint a committee or any rights of a duly appointed committee to challenge the

validity, priority, or extent of any liens asserted against cash collateral.

3

7.  The Court shall retain jurisdiction to enforce the terms of this Order.

8.  The Court will consider the Motion further at a preliminary hearing to be noticed

separately.

**********

*Attorney Jimmy Parrish is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of this order.*

611383471.1

4

BBG Communications
Brian Rhys
1658 Gailes Blvd.
Suite B
San Diego, CA 92154

Bizzlinks.com
630 Freedom Business Center
Third Floor
King of Prussia, PA 19406

Century Link
Kelly Taylor
100 CenturyLink Drive
Monroe, LA 71203

Combined Public
Aqua Drive
Cold Spring, KY 41076

Communications Network
Billing
Cristina Tucker
19992 Kelly Road
Harper Woods, MI 48225

CustomTel
Vickie Crowder
6242 W. Desert Inn
Las Vegas, NV 89146

Directory Billing Services
Brad Daniel
3860 W. Commercial Blvd
Fort Lauderdale, FL 33309

Embarq
Darlene House
2201 Brentwood Road
Suite 107
Raleigh, NC 27604

Family Contact 911
Nikolaos Spiridellis
170 Sand Key Estates Drive
Clearwater Beach, FL 33767

Global Tel
Margaret Phillips
2609 Cameron Street
Mobile, AL 36607

Host A Web
c/o Unique Web Listing
273 Walt Whitman Rd
Suite 374
Huntington Station, NY 11746

Infinity
Travis Torreyson
8500 Shoal Creek Blvd
Building 4, Suite 100
Austin, TX 78757

Local Biz USA
Pat Giglio
One Orient Way
Suite F336
Rutherford, NJ 07070

Local Internet Listings
c/o Unique Web Listing
273 Walt Whitman Rd
Suite 374
Huntington Station, NY 11746

Members Edge
One University Plaza
Suite 307
Hackensack, NJ 07601

Net Zero
Vikram Anand
21301 Burbank Blvd
Woodland Hills, CA 91367

OnLine Yellow Pages
Brad Daniel
8751 West Broward Blvd.
Suite 307
Plantation, FL 33324

Optic Internet Protocol
Gregory Alpow
3050 Royal Boulevard South
Suite 165
Alpharetta, GA 30022

Small Business Technical
Solutions
John Peacock
929 North Plum Grove Road
Schaumburg, IL 60173

Zoom-I-Net
Maria Gomez
198 N. Ridge Drive
New York, NY 13036